**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. ___________<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually, through their attorneys, MEAGHER & MEAGHER, P.C., as and for their Complaint, allege the following, upon information and belief:

## INTRODUCTION

1. This is an action against the Defendant UNITED STATES OF AMERICA under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for their negligence in failing to obtain necessary and required medical care for Plaintiffs, S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually, while in the custody and care of the Defendant, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, servants, and/or employees.

2. The claims herein against the Defendant, UNITED STATES, are brought pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence and medical malpractice.

3. Plaintiffs, S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually, have fully complied with the provision of the

Federal Tort Claims Act, with Service of an Administrative Claim on September 9, 2020. See Exhibit 1 – Standard Form 95 served by the Plaintiffs.

## NATURE OF THE ACTION

4. In June 2019, Plaintiffs, S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually, were caused to suffer serious and permanent injuries as a result of the lack of medical and/or inadequate and/or substandard care provided to the Infant-Plaintiff, S.A.G.R., by the Defendant, UNITED STATES OF AMERICA, for entirely preventable and treatable ailments contracted while detained by U.S. Customs and Border Protection ("CBP").

5. On June 4, 2019, fleeing violence and persecution in their native country of Guatemala, Plaintiffs crossed the United States/Mexico border and entered the United States. Shortly after crossing the border, Plaintiffs were taken into the custody and control of the Defendant, UNITED STATES, through CBP, its agents, servants, contractors, departments, and/or employees. Upon being taken into custody of the Defendant, UNITED STATES, the Plaintiffs were detained at a CBP immigration processing center. On information and belief, Plaintiffs were held at CBP's detention facility in McAllen, Texas.

6. Upon arriving at CBP's detention facility, the Plaintiffs were placed into a holding cell – a pen known as the "ice box" because of its frigid temperatures and chain-link enclosures housing migrant adults and children.[1] The conditions of this holding area were unsanitary, overcrowded, and inhumane. CBP gave Plaintiffs little to protect themselves from the cold conditions of the "pen", forcing them to sleep on the cold, hard concreate floor with nothing

---

[1] Mariana Alfaro, *Migrants Detained At The Border Are Kept In Freezing Cells Nicknamed 'Iceboxes' – Here's What We Know About Them*, BUSINESS INSIDER (Dec. 27, 2018), https://www.businessinsider.com/migrants-detained-at-border-kept-in-freezing-cells-nicknamed-iceboxes-2018-12.

more than a single metallic blanket and a thin mat.[2]

7. When the Infant-Plaintiff, S.A.G.R., arrived at the CBP detention facility, she was a healthy, happy infant. After approximately three (3) days in this overcrowded, unsanitary "pen", the Infant-Plaintiff, S.A.G.R., began violently vomiting. Immediately, Plaintiff, ARLYN ROQUE, sought to speak with a guard, officer, agent, servant, and/or employee at the CBP detention facility in which sher and her daughter were being held in order to seek medical attention for the Infant-Plaintiff, S.A.G.R. However, Plaintiff's urgent request was ignored.

8. The following day, the Infant-Plaintiff, S.A.G.R., developed a fever in addition to the vomiting. Plaintiff, ARLYN ROQUE, continued to alert the CBP detention facility staff of the Infant-Plaintiff's unstable condition. Unfortunately, similar to previous pleas for urgent medical attention, Plaintiff's requests were ignored. For approximately the next three (3) to five (5) days, the Infant-Plaintiff remained ill with a fever and intense vomiting.

9. On each successive day, the Plaintiff, ARLYN ROQUE, would cry out for help and request urgent medical intervention, and yet, no action was taken to address the Infant-Plaintiff's worsening condition. Indeed, the Plaintiff's persistent attempts to obtain medical intervention were ignored, and as a result of the lack of medical attention rendered to her by the Defendant, UNITED STATES, the Infant-Plaintiff, S.A.G.R., continued to get sicker.

10. To make matters worse, Plaintiffs were forced to bathe in cold water, as there was no hot water available to detainees at the time. Additionally, the CBP detention facility had a limited amount of food and clean water; the same was true for milk and/or baby formula for the

---

[2] Jacob Soboroff and Julia Ainsley, *McAllen, Texas, Immigration Processing Center Is Largest In U.S.*, NBC NEWS (June 18, 2018), https://www.nbcnews.com/news/us-news/mcallen-texas-immigration-processing-center-largest-u-s-n884126.

Infant-Plaintiff.[3] With each passing day that the Plaintiffs remained in the "pen", the Infant Plaintiff's condition deteriorated.

11. After approximately five (5) days of ignoring Plaintiff's persistent requests for medical attention, the Plaintiffs were transported to another facility where they were similarly detained. At this CBP facility, the Plaintiffs were forced to share a locked "pen" with as many as 15 other detainees – all of whom were sick. At no time were the Plaintiffs examined by a nurse, physician, EMT, or other qualified health provider before being thrown into this locked "pen". And despite her rapidly declining condition, the Infant-Plaintiff, S.A.G.R., was not given medical attention. In fact, the Infant-Plaintiff was only given a tee shirt and diaper to wear while in this frigid holding cell, and there was little, if any, soap for detainees to wash themselves with.

12. Upon information and belief, the Plaintiffs spent the next four (4) to seven (7) days in this cold, locked "pen" without being provided any medical attention. Just as she did at the CBP detention facility prior to her transfer, the Plaintiff, ARLYN ROQUE, persistently called out for urgent medical attention, but her complaints were similarly ignored. Each time the Plaintiff, ARLYN ROQUE, would see a guard, officer, servant, agent, and/or employee of the CBP facility, she would repeat her requests for immediate medical attention for her daughter, Infant-Plaintiff, S.A.G.R.

13. During this time, the Infant-Plaintiff's condition continued to worsen. While in this frigid holding "pen", the Infant-Plaintiff was exposed to the ailments of all those sharing the caged enclosure with her. Given the lack of hygiene within this holding "pen", the Infant Plaintiff became more lethargic and she continued to experience vomiting, fever, and severe

---

3 Riane Roldan, *Lawyer: Inside An Immigration Detention Center In South Texas, "Basic Hygiene Just Doesn't Exist"*, THE TEXAS TRIBUNE (June 23, 2019), https://www.texastribune.org/2019/06/23/immigrant-detention-center-mcalllen-overcrowded-filthy-conditions/.

diarrhea.

14. After being held in the frigid, overcrowded, unsanitary, and inhumane holding "pen" with other ailing detainees for nearly a week, the Plaintiffs were transferred back to the CBP detention facility in McAllen, Texas, where they had been detained initially. After their return to the McAllen detention center, the Plaintiff, ARLYN ROQUE, continued her pleas for assistance and persistently requested that her daughter, Infant-Plaintiff, S.A.G.R., receive urgent medical attention. By this time, the Infant-Plaintiff, S.A.G.R., was so lethargic that she could barely move.

15. Finally, on June 14, 2019, the Plaintiffs were taken by car to Edinburg Regional Medical Center (hereinafter referred to as "Edinburg") in Edinburg, Texas, for the Infant-Plaintiff to be evaluated and treated for her deteriorating condition. After being seen and examined by the health care professionals at Edinburg, the Infant-Plaintiff was admitted to the medical center. The medical staff at the hospital determined that the Infant-Plaintiff had been suffering from a cough/congestion, fever, emesis, lethargy, and other ailments while in the Defendant's custody and control at the CBP detention facilities. Upon her admission to Edinburg, the Infant-Plaintiff was diagnosed with severe respiratory distress with hypoxia, hypertension, and fever. Due to the severity of her condition, the Infant-Plaintiff was intubated in the emergency department (ED) at Edinburg.

16. Despite her relentless requests to sleep at Edinburg with her daughter the first night, the Plaintiff, ARLYN ROQUE, was forced to go back to the CBP detention facility in McAllen. This decision was against the sound advice of the medical staff at Edinburg.

17. Ultimately, on June 15, 2019, the doctors and nurses at Edinburg insisted that the Plaintiff, ARLYN ROQUE, be permitted to stay overnight at the hospital because of the gravity

of the Infant-Plaintiff's condition. Moreover, the medical staff at Edinburg requested that the Plaintiff, ARLYN ROQUE, be brought back to the medical facility without delay, as the healthcare workers needed to obtain immediate consent to treat the Infant-Plaintiff, S.A.G.R. The Infant-Plaintiff remained an in-patient at Edinburg from June 14, 2019 through June 19, 2019.

18. On June 19, 2019, the Infant-Plaintiff was transferred to University Hospital in San Antonio, Texas, for extracorporeal membrane oxygenation (ECHMO) given the severity and progression of her illness. Upon admission to University Hospital, medical professionals noted that the Infant-Plaintiff's progressive hypoxic respiratory failure was due to adenoviral parainfluenza, type IV.

19. Finally, on August 5, 2019, the Infant-Plaintiff was medevacked (i.e., transported by air) to Cohen's Children's Medical Center in New York.

20. As a direct and proximate result of the aforesaid negligence, the Infant-Plaintiff suffered and continues to suffer severe and permanent personal injuries, including but not limited acute respiratory distress syndrome (ARDS), intubation, need for ECMO, adenovirus, parainfluenza, H. Influenza pneumonia, ICU admission, long term care, severe hypoxia, difficulty with swallowing, difficulty with certain foods, requiring nasal gastric feeding tube, hypertension, bronchiolitis fibrosa obliterans, cardiac problems, respiratory problems, cognitive delays, motor function delays, impaired fine motor skills, muscular skeletal delays and impairments, diminished motor strength in all extremities, impairment of expressive language skills, loss of tip of finger due to necrosis secondary to hypoxia, infections, hypercoagulability, thrombosis, bradycardia, recurrent fevers, sedative dependence, medication dependence, and global developmental delays.

## JURISDICTION AND VENUE

21. The Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1346(b).

22. On September 9, 2020, Plaintiffs submitted an administrative claim to the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), U.S. Department of Health and Human Services ("HHS"), and the U.S. Department of Justice ("DOJ"). As of the filing of this Complaint, CBP was the only governmental agency to give notice of the final denial of the claims by certified mail on April 9, 2021. *See* 28 U.S.C. § 2401(b). See Exhibit 2- US Customs and Border Protection denial letters dated April 9, 2021.

23. Venue is proper in the Southern District of New York because the Plaintiffs currently reside within the judicial district. *See* 28 U.S.C. § 1402(b).

## PARTIES

24. Plaintiff, S.A.G.R., is an Infant under the age of eighteen (18) residing with her Parent and Natural Guardian, Plaintiff, ARLYN ROQUE.

25. Plaintiff, ARLYN ROQUE, is an adult over the age of eighteen (18) and is the Parent and Natural Guardian of the Infant-Plaintiff, S.A.G.R.

26. Plaintiffs, S.A.G.R. and ARLYN ROQUE, reside at 1296 Route 22, Wingdale, State of New York 12594, County of Dutchess.

27. At the time of their detention in June 2019, Plaintiff ARLYN ROQUE was seventeen (17) years old and the Infant-Plaintiff, S.A.G.R., was fourteen (14) months old.

28. At the time of their detention in June 2019, the Plaintiff, ARLYN ROQUE, only spoke Spanish. The Infant-Plaintiff, S.A.G.R., being just fourteen (14) months old, was not yet

able to converse in any language.

29. Defendant, UNITED STATES, is the appropriate defendant under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346(b), 2671, *et seq.*

30. Defendant, UNITED STATES, has waived sovereign immunity as to claims under the FTCA and is properly named as a defendant to each of Plaintiffs' claims under the Act. 28 U.S.C. § 2679(a).

31. Defendant, UNITED STATES, at all relevant times mentioned herein was, acting through its agencies, DHS, ICE, CBP, HHS, and DOJ.

32. At all times herein mentioned, DHS was at all relevant times a federal agency, organized and existing under the laws of the United States of America.

33. At all times herein mentioned, the Defendant, UNITED STATES, operated, managed, funded, organized, and operated DHS.

34. At all times herein mentioned, ICE, a division of DHS, was at all relevant times a federal agency, organized and existing under the laws of the United States of America.

35. At all times herein mentioned, CBP, a division of DHS, was at all relevant times a federal agency, organized and existing under the laws of the United States of America.

36. At all times herein mentioned, HHS was at all relevant times a federal agency, organized and existing under the laws of the United States of America.

37. At all times herein mentioned, DOJ was at all relevant times a federal agency, organized and existing under the laws of the United States of America.

38. At all times herein mentioned, the Central Processing Center, located at 3700 West Ursula Avenue, McAllen, Texas 78503 (hereinafter referred to as the "McAllen Processing Center"), was a duly constituted facility and entity of the Defendant, UNITES STATES.

39. At all times hereinafter mentioned, the Defendant, UNITED STATES, owned, operated, managed, run, and funded the McAllen Processing Center, which existed under the laws of the United States of America.

40. At all times herein mentioned, the McAllen Processing Center was controlled, managed, operated, run, and funded by DHS, and organized and existing under the laws of the United States of America.

41. At all times herein mentioned, the McAllen Processing Center was controlled, managed, operated, run, and funded by ICE, and organized and existing under the laws of the United States of America.

42. At all times herein mentioned, the McAllen Processing Center was controlled, managed, operated, run, and funded by CBP, and organized and existing under the laws of the United States of America.

43. At all times herein mentioned, the McAllen Processing Center was controlled, managed, operated, run, and funded by HHS, and organized and existing under the laws of the United States of America.

44. At all times herein mentioned, the McAllen Processing Center was controlled, managed, operated, run, and funded by DOJ, and organized and existing under the laws of the United States of America.

45. At all times hereinafter mentioned, the McAllen Processing Center maintained its place of business at 3700 West Ursula Avenue, McAllen, Texas 78503.

46. At all times hereinafter mentioned, the Defendant, UNITED STATES, staffed and employed agents, officers, guards, servants, and/or employees at the McAllen Processing Center.

47. At all times hereinafter mentioned, DHS staffed and employed agents, officers,

guards, servants, and/or employees at the McAllen Processing Center on behalf of the Defendant, UNITED STATES.

48. At all times hereinafter mentioned, ICE staffed and employed agents, officers, guards, servants, and/or employees at the McAllen Processing Center on behalf of the Defendant, UNITED STATES.

49. At all times hereinafter mentioned, CBP staffed and employed agents, officers, guards, servants, and/or employees at the McAllen Processing Center on behalf of the Defendant, UNITED STATES.

50. At all times hereinafter mentioned, HHS staffed and employed agents, officers, guards, servants, and/or employees at the McAllen Processing Center on behalf of the Defendant, UNITED STATES.

51. At all times hereinafter mentioned, DOJ staffed and employed agents, officers, guards, servants, and/or employees at the McAllen Processing Center on behalf of the Defendant, UNITED STATES.

52. At all times hereinafter mentioned, the Defendant, UNITED STATES, through the McAllen Processing Center, undertook to provide adequate and appropriate shelter, care, food, and medical services to migrant detainees, including the Plaintiffs.

53. At all times hereinafter mentioned, DHS, acting on behalf of the Defendant, UNITED STATES, through the McAllen Processing Center, undertook to provide adequate and appropriate shelter, care, food, and medical services to migrant detainees, including the Plaintiffs.

54. At all times hereinafter mentioned, ICE, acting on behalf of the Defendant, UNITED STATES, through the McAllen Processing Center, undertook to provide adequate and

appropriate shelter, care, food, and medical services to migrant detainees, including the Plaintiffs.

55. At all times hereinafter mentioned, CBP, acting on behalf of the Defendant, UNITED STATES, through the McAllen Processing Center, undertook to provide adequate and appropriate shelter, care, food, and medical services to migrant detainees, including the Plaintiffs.

56. At all times hereinafter mentioned, HHS, acting on behalf of the Defendant, UNITED STATES, through the McAllen Processing Center, undertook to provide adequate and appropriate shelter, care, food, and medical services to migrant detainees, including the Plaintiffs.

57. At all times hereinafter mentioned, DOJ, acting on behalf of the Defendant, UNITED STATES, through the McAllen Processing Center, undertook to provide adequate and appropriate shelter, care, food, and medical services to migrant detainees, including the Plaintiffs.

58. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, its departments, organizations, units, agents, servants, officers, and/or employees detained the Plaintiffs at a CBP detention center located at 3700 West Ursula Avenue, McAllen, Texas 78503.

59. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

60. At all times hereinafter mentioned, and specifically from June 4, 2019 through

June 14, 2019, DHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3700 West Ursula Avenue, McAllen, Texas 78503.

61. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

62. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, ICE, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3700 West Ursula Avenue, McAllen, Texas 78503.

63. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, ICE, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

64. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, CBP, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3700 West Ursula Avenue, McAllen, Texas

78503.

65. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, CBP, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

66. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, HHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3700 West Ursula Avenue, McAllen, Texas 78503.

67. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, HHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

68. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DOJ, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3700 West Ursula Avenue, McAllen, Texas 78503.

69. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DOJ, its departments, organizations, units, agents, servants, officers, and/or

employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

70. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, its departments, organizations, units, agents, servants, officers, and/or employees detained the Plaintiffs at a CBP detention center located at 3000 West Military Highway, McAllen, Texas 78503.

71. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

72. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3000 West Military Highway, McAllen, Texas 78503.

73. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

74. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, ICE, its departments, organizations, units, agents, servants, officers, and/or

employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3000 West Military Highway, McAllen, Texas 78503.

75. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, ICE, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

76. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, CBP, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3000 West Military Highway, McAllen, Texas 78503.

77. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, CBP, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

78. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, HHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3000 West Military Highway, McAllen, Texas 78503.

79. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, HHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

80. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DOJ, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 3000 West Military Highway, McAllen, Texas 78503.

81. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DOJ, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

82. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, its departments, organizations, units, agents, servants, officers, and/or employees detained the Plaintiffs at a CBP detention center located at 2301 South Main Street, McAllen, Texas 78503.

83. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

84. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 2301 South Main Street, McAllen, Texas 78503.

85. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

86. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, ICE, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 2301 South Main Street, McAllen, Texas 78503.

87. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, ICE, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

88. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, CBP, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained

the Plaintiffs at a CBP detention center located at 2301 South Main Street, McAllen, Texas 78503.

89. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, CBP, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

90. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, HHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 2301 South Main Street, McAllen, Texas 78503.

91. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, HHS, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

92. At all times hereinafter mentioned, and specifically from June 4, 2019 through June 14, 2019, DOJ, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, detained the Plaintiffs at a CBP detention center located at 2301 South Main Street, McAllen, Texas 78503.

93. At all times hereinafter mentioned, and specifically from June 4, 2019 through

June 14, 2019, DOJ, its departments, organizations, units, agents, servants, officers, and/or employees, acting through the authority vested by the Defendant, UNITED STATES, placed the Plaintiffs in facilities that were unsanitary, inhumane, unsuitable, frigid, lacking proper shelter, overcrowded, and exposed the Plaintiffs to diseases and/or illnesses.

## CLAIMS FOR RELIEF

### COUNT I – FEDERAL TORT CLAIMS ACT (NEGLIGENCE)

94. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs one (1) through ninety-one (91), inclusive with the same force and effect as if more fully set forth herein.

95. At all times hereinafter mentioned, the Defendant, UNITED STATES, had a duty to provide migrant detainees finding themselves within its custody and control, like the Plaintiffs, with proper, necessary medical care and treatment.

96. At all times hereinafter mentioned, the Defendant, UNITED STATES, claimed to provide proper, necessary medical care and treatment to those migrant detainees finding themselves within its custody and control, including the Plaintiffs.

97. At all times hereinafter mentioned, the Defendant, UNITED STATES, held itself out to the public that it provided adequately staffed facilities and provided proper and necessary medical care and treatment to those migrant detainees finding themselves within its custody and control, including the Plaintiffs.

98. During the year 2019, and more specifically from June 4, 2019 through June 14, 2019, the Defendant, UNITED STATES, failed to provide proper, necessary medical care and treatment to the Infant-Plaintiff, S.A.G.R.

99. That at all times hereinafter mentioned, from June 4, 2019 through June 14, 2019,

the Defendant, UNITED STATES, its departments, organizations, units, agents, servants, officers, and/or employees breached its duties by failing to provide the Plaintiffs with proper, necessary medical care and treatment consistent with the applicable and accepted standard of care.

100. Defendant's agents, servants, officer, and/or employees had a duty to Plaintiffs to act with ordinary care and prudence so as not to cause harm of injury to Infant-Plaintiff, S.A.G.R., while she was in the custody and control of DHS, ICE, CBP, HHS, and/or DOJ.

101. Defendant's agents, servants, officer, and/or employees failed to act with ordinary care and breached their duty of care owed to Plaintiffs.

102. As a direct and proximate result of the Defendant's negligent, grossly negligent, and reckless acts, omissions, and conduct, the Plaintiffs suffered and continue to suffer bodily injury, extreme distress, humiliation, anguish, and other emotional and physical injuries, as well as economic losses, all in amounts to be proven.

103. Under the FTCA, the Defendant, UNITED STATES, is liable to Plaintiffs for negligence.

## COUNT II – FEDERAL TORT CLAIMS ACT (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

104. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs one (1) through one hundred three (103), inclusive with the same force and effect as if more fully set forth herein.

105. Defendant's departments, organizations, units, agents, servants, officers, and/or employees, including, but not limited to DHS, ICE, CBP, HHS, and DOJ, had a duty to care for migrant detainees in its custody and control, including the Plaintiffs, in a manner so as to reasonably avoid brining about unnecessary harm to the same.

106. Defendant's departments, organizations, units, agents, servants, officers, and/or employees, including, but not limited to DHS, ICE, CBP, HHS, and DOJ acted negligently and/or carelessly by failing to appreciate and/or act upon the repeated complaints of the Plaintiff, ARLYN ROQUE, specifically as it relates to the condition of the Infant-Plaintiff, S.A.G.R.

107. Defendant's agents, servants, officer, and/or employees engaged in conduct that caused Plaintiffs emotional distress and mental anguish.

108. As a direct and proximate result of the Defendant's negligent, grossly negligent, and reckless acts, omissions, and conduct, the Plaintiffs suffered and continue to suffer bodily injury, extreme distress, humiliation, anguish, and other emotional and physical injuries, as well as economic losses, all in amounts to be proven.

109. Under the FTCA, the Defendant, UNITED STATES, is liable to Plaintiffs for negligent infliction of emotional distress.

**COUNT III – FEDERAL TORT CLAIMS ACT**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

110. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs one (1) through one hundred nine (109), inclusive with the same force and effect as if more fully set forth herein.

111. Defendant's departments, organizations, units, agents, servants, officers, and/or employees, including, but not limited to DHS, ICE, CBP, HHS, and DOJ acted intentionally and/or recklessly by failing to appreciate and/or act upon the repeated complaints of the Plaintiff, ARLYN ROQUE, specifically as it relates to the condition of the Infant-Plaintiff, S.A.G.R.

112. Defendant's agents, servants, officer, and/or employees engaged in conduct that was both extreme and outrageous.

113. Defendant's agents, servants, officer, and/or employees engaged in conduct that

caused Plaintiffs severe emotional distress.

114. As a direct and proximate result of the Defendant's negligent, grossly negligent, and reckless acts, omissions, and conduct, the Plaintiffs suffered and continue to suffer bodily injury, extreme distress, humiliation, anguish, and other emotional and physical injuries, as well as economic losses, all in amounts to be proven.

115. Under the FTCA, the Defendant, UNITED STATES, is liable to Plaintiffs for intentional infliction of emotional distress.

**COUNT IV – FEDERAL TORT CLAIMS ACT**
**(LOSS OF SERVICES)**

116. Plaintiffs repeat, reiterate, and reallege each and every allegation in paragraphs one (1) through one hundred fifteen (115), inclusive with the same force and effect as if more fully set forth herein.

117. At all times hereinafter mentioned, Plaintiff, ARLYN ROQUE, was and is the lawful parent and natural guardian of Infant-Plaintiff, S.A.G.R.., and cohabitates with her as mother and child.

118. As a result of the foregoing negligence and/or carelessness of the Defendant, UNITED STATES, its departments, organizations, units, agents, servants, officers, and/or employees, including but not limited to DHS, ICE, CBP, HHS, and DOJ, and the resulting injuries to the Plaintiffs, ARLYN ROQUE and S.A.G.R., and without any negligence or culpable conduct on their parts contributing thereto, the Plaintiff, ARLYN ROQUE, has been deprived of the services, love, and affection of her child.

119. Under the FTCA, the Defendant, UNITED STATES, is liable to Plaintiffs for loss of services.

**STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 16**

120. This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules, Section 1602.

**JURY DEMAND**

121. Plaintiffs request a trial by a jury on all issues so triable.

**WHEREFORE**, Plaintiffs demand judgment on the FIRST, SECOND, THIRD, and FOURTH CAUSES OF ACTION against the Defendant, UNITED STATES, its departments, organizations, units, agents, servants, officers, and/or employees, including but not limited to DHS, ICE, CBP, HHS, and DOJ, for:

a. Damages in the sum of Six Million Dollars ($6,000,000.00) for the FIRST, SECOND, THIRD, and FOURTH CAUSES OF ACTION;
b. Special damages in an amount according to proof;
c. Medical and related expenses in an amount according to proof;
d. Costs, disbursements, and attorney fees; and
e. All other relief, in law or equity, to which Plaintiffs are entitled.

Dated: May 3, 2021
White Plains, New York

Respectfully submitted,

MEAGHER & MEAGHER, P.C.

By: Keith J. Clarke, Esq.
Attorneys for Plaintiffs
111 Church Street
White Plains, New York 10601
Tel: (914) 328-8844
Fax: (914) 328-8570
lawoffice@meagherandmeagherpc.com

**VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

KEITH J. CLARKE. ESQ., being duly sworn, deposes and says:

That he is a partner with the firm of MEAGHER & MEAGHER, P.C., attorneys for the Plaintiffs in the within action:

That he has read the within COMPLAINT and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, he believes it to be true.

That the sources of his information and knowledge are investigations and records on file.

That the reason this Verification is made by deponent, and not by the plaintiff, is that the plaintiff does not reside within the county where the attorney has his office.

KEITH J. CLARKE, ESQ.

Sworn to before me on this 3rd
day of May, 2021

NOTARY PUBLIC

JENNIFER C. PATRISSI
Notary Public 02PA6085425
State of New York
Westchester County
Commission Expires 12-30-2022

Case No.:

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

**COMPLAINT**

**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

Pursuant to FRCP Rule 11, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: May 3, 2021 Signature__________

Print Signature's Name KEITH J. CLARKE, ESQ.

Service of a copy of the within is hereby admitted.
Dated:__________

__________
Attorney(s) for