UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

S.A.G.R., an Infant by her Parent and Natural Guardian, ARLYN ROQUE, and ARLYN ROQUE, Individually,

Plaintiffs,

Case 7:21-cv-04013-PMH

-against-

UNITED STATES OF AMERICA and LOYAL SOURCE GOVERNMENT SERVICES, LLC,

Defendants.

---------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S PRE-ANSWER MOTION TO TRANSFER VENUE**

Keith J. Clarke, Esq. (KC1515)
**MEAGHER & MEAGHER, P.C.**
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
(914) 328-8844
kclarke@meagherandmeagherpc.com

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES .......... i

PRELIMINARY STATEMENT .......... 1

PROCEDURAL HISTORY .......... 1

RELEVANT FACTS .......... 2

ARGUMENT .......... 2-8

I. Loyal Source Has Failed to Clearly Establish That Transfer of Venue is Appropriate at This Time .......... 2-8

A. Legal standard .......... 2-3

B. Venue is proper in the Southern District of New York .......... 4-5

C. Loyal Source has failed to clearly establish that relevant factors favor transfer .......... 5-8

1) *Convenience of witnesses* .......... 5-7

2) *Availability of process; locus of operative facts; relevant documents; governing law* .......... 7-8

3) *Plaintiffs' choice of forum; convenience of the parties; relative means of the parties; judicial economy; interests of justice* .......... 8

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

## Cases

*Beatie and Osborn LLP v. Patriot Scientific Corp.*,
431 F.Supp.2d 367 (S.D.N.Y. 2006)........................................ 1, 3

*Citigroup Inc. v. City Holding Co.*,
97 F.Supp.2d 549 (S.D.N.Y. 2000)........................................ 3

*Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*,
829 F.Supp. 62 (S.D.N.Y. 1993)........................................ 5

*Factors Etc., Inc. v. Pro Arts, Inc.*,
579 F.2d 215 (2nd Cir. 1978)........................................ 3

*Filmline (Cross-Country) Prod. v. United Artists*,
865 F.2d 513 (2nd Cir. 1989)........................................ 3

*Generale Bank, New York Branch v. Wassel*,
779 F.Supp. 310 (S.D.N.Y. 1991)........................................ 3

*Hernandez v. Graebel Van Lines*,
761 F.Supp. 983 (E.D.N.Y. 1991)........................................ 2, 5

*Pilates, Inc. v. Pilates Institute, Inc.*,
891 F.Supp. 175 (S.D.N.Y. 1995)........................................ 4-5

## Federal Statutes

28 U.S.C. §1346........................................ 4

28 U.S.C. §1402........................................ 4

28 U.S.C. §1404........................................ 2, 5

## PRELIMINARY STATEMENT

Plaintiffs S.A.G.R., an Infant by her Parent and Natural Guardian, Arlyn Roque, and Arlyn Roque, Individually, respectfully submit this Memorandum of Law in opposition to the Pre-Answer Motion to Transfer Venue ("Motion") of Defendant Loyal Source Government Services, LLC ("Loyal Source").

On its Motion, Loyal Source has the burden of making "a clear-cut showing that transfer is in the best interests of the litigation." *Beatie and Osborn LLP v. Patriot Scientific Corp.,* 431 F.Supp.2d 367, 394 (S.D.N.Y. 2006) (internal quotation marks and citation omitted, emphasis added). But Loyal Source has failed to satisfy that burden: relying on spurious headcounts of potential witnesses and breathless scaremongering about procedural difficulties, Loyal Source has not shown, with anything like the required specificity, that transfer of venue to the Southern District of Texas is appropriate at this stage of the litigation. Plaintiffs have argued that the Motion is premature and that its prematurity thwarts proper analysis of significant issues. ECF No. 78.[1] Nothing proffered by Loyal Source in support of the Motion conclusively refutes Plaintiffs' argument. Accordingly, the Court should deny the Motion or, at a minimum, defer decision until depositions and any necessary post-deposition discovery have been conducted.

## PROCEDURAL HISTORY

Plaintiffs adopt the Procedural History set out in the Declaration of Michael Driscoll in Support of Loyal Source's Motion to Transfer Venue ("Driscoll Declaration") at 2-3.[2]

[1] Plaintiffs' Letter Opposition to Anticipated Motion by Defendant Loyal Source Government Services, LLC.

[2] By Minute Entry dated July 13, 2022, the Court "granted Defendant Loyal Source leave to move to transfer venue and may include its personal jurisdiction argument as well." Since the Motion raises only the venue issue, Plaintiffs respectfully request that the Court find that Loyal Source has thereby waived "its personal jurisdiction argument."

## RELEVANT FACTS

Plaintiffs do not accept, nor does Loyal Source claim, that the "Relevant Facts" set out in the Driscoll Declaration are undisputed. Driscoll Declaration at 3-5. Plaintiffs respectfully refer the Court to their Amended Complaint for their comprehensive account of the material facts here at issue and underlying the procedural questions raised by the Motion. ECF No. 64 at ¶¶5-22.

## ARGUMENT

The Motion should be denied. While venue is indisputably proper in the Southern District of New York, Loyal Source has failed to clearly establish that transfer to the Southern District of Texas is appropriate at this pre-answer/pre-depositions stage of proceedings.

### I. Loyal Source Has Failed to Clearly Establish That Transfer of Venue is Appropriate at this Time.

The Court should deny the Motion because Loyal Source has failed to clearly establish that immediate transfer is appropriate. In particular, Loyal Source has not shown with the required specificity or clarity that the convenience of potential witnesses – generally considered the most important of the various factors the Court should be taking into consideration on the Motion – weighs in favor of transfer.

#### A. Legal standard.

Change of venue is governed by 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The goal "is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 986 (E.D.N.Y. 1991) (internal quotation marks and citation omitted).

"The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Filmline (Cross-Country) Prod. v. United Artists,* 865 F.2d 513, 520 (2nd Cir. 1989). *See also Generale Bank, New York Branch v. Wassel,* 779 F.Supp. 310, 313 (S.D.N.Y. 1991) (explaining that §1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness [internal quotation marks and citation omitted]."

The Court assesses the balance of convenience and the interest of justice by weighing various factors including the convenience of witnesses, the relative means of the parties, and the weight accorded a plaintiff's choice of forum. *See Beatie and Osborn LLP,* 431 F.Supp.2d at 395. "There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000).

Bottom line: "[t]he moving party must make a clear-cut showing that transfer is in the best interests of the litigation." *Beatie and Osborn LLP,* 431 F.Supp.2d at 394 (internal quotation marks and citation omitted, emphasis added). *See also Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2nd Cir. 1978) (explaining that party seeking transfer of venue for convenience of witnesses "must clearly specify the key witnesses to be called" [emphasis added]).

**B. Venue is proper in the Southern District of New York.**

Loyal Source moves for transfer but does not argue that Plaintiffs' choice of venue was improper in the first instance. Therefore, it is undisputed that venue is proper in the Southern

District of New York because it is where Plaintiffs reside and is thus one of the two options statutorily available to them.[3]

In addition, the Court should not be influenced by the suggestion, which is implicit throughout Loyal Source's arguments in support of the Motion, that Plaintiffs themselves had ties to Texas that they abandoned after the events here at issue in favor of "their new home" in New York. *See, e.g.,* Memorandum of Law in Support of Defendant Loyal Source Government Services, LLC's Pre-Answer Motion to Transfer Venue ("Loyal Source Memorandum") at 10. Plaintiffs never had ties to Texas; the State of New York was *always* their destination, from the moment of their arrival in the United States.

**C. Loyal Source has failed to clearly establish that relevant factors favor transfer.**

Loyal Source has failed to clearly establish that convenience of potential witnesses and the other factors that weigh in the balance on the Motion favor transferring venue at this time.

*1) Convenience of potential witnesses.*

Relying on spurious headcounts plus breathless scaremongering about procedural difficulties, Loyal Source fails to clearly establish that the convenience of potential witnesses favors transferring venue.

"Courts generally view the convenience of witnesses as the single most important factor" to be considered when transfer of venue is sought. *Pilates, Inc. v. Pilates Institute, Inc.,* 891 F.Supp. 175, 183 (S.D.N.Y.1995). However, "[t]o meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must 'specifically list the

---

[3] *See* 28 U.S.C. §1346(b)(1) (district courts have exclusive jurisdiction of civil actions on claims against the US for money damages arising out of negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment) and 28 U.S.C. §1402(b) ("Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred").

evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony ... Absent such a showing, the motion should be denied.'" *Id.* (*quoting Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.,* 829 F.Supp. 62, 66-67 (S.D.N.Y 1993) (ellipsis in original, emphases added).[4]

Loyal Source has utterly failed to meet this burden of clarity and specificity.

For example, Loyal Source dramatically claims that, in terms of "known and potential witnesses," there is "a rather striking 63 to 1 advantage in favor of transfer." Loyal Source Memorandum at 6.

But what's *really* striking is how outrageously misleading this claim is.

To begin with, only eight of the "sixty-three (63) known and potential witnesses" are "from Loyal Source"; the other 55 (or 56: *see* Driscoll Declaration, Exhibit E at 6-15) are "from the United States." Loyal Source Memorandum at 6. But Defendant United States of America ("United States") "takes no position on Loyal Source's motion to transfer." ECF No. 82 (emphasis added). *See also* ECF No. 75. It is reasonable to surmise that its neutrality on the Motion reflects the United States' recognition that, at this stage of the litigation, these 55 potential witnesses are still very much that – only *potential* witnesses. And that after further discovery the number who will be actual trial witnesses is likely to fall significantly.

In short, the "63" is a rather striking bogus headcount.

Furthermore, the remaining eight potential witnesses seem not to be what Loyal Source would like the Court to think they are.

---

[4] *See also Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 986 (E.D.N.Y. 1991) (noting that party seeking transfer under 28 U.S.C. §1404(a) "must support the application with an affidavit containing detailed factual statements relevant to the factors, including the potential principal witnesses expected to be called and a general statement of the substance of their testimony" *[emphasis added]*). The Court should note that the Unsworn Declaration of Loyal Source Vice President Ray Perez falls far short of being such an affidavit. *See* Driscoll Declaration, Exhibit G.

Exhibit C to the Driscoll Declaration lists "all Loyal Source's known witnesses [...] that potentially have knowledge relevant to the infant-plaintiff [...]." Driscoll Declaration at 2. But Exhibit C documents that none of the eight were Loyal Source employees during the time at issue (i.e., in or about June 4-15, 2019); they were independent contractors.[5] Plaintiffs raised this issue previously: "if [Loyal Source] contracted with, rather than employed, the subject medical providers, it may raise an issue of whether those providers were themselves federal employees." ECF No. 78 at 2 n. 1. At a minimum, it is substantively misleading (in addition to being grammatically confusing) for Loyal Source to argue that its "employees would be unduly prejudiced by having to litigate in the Southern District of New York because it *[sic]* would bear the burden of having to bring those witnesses to New York to establish its defense." Loyal Source Memorandum at 6 (emphasis added).

It may turn out, in other words, that there were *no* Loyal Source employees implicated in the events of June 4-15, 2019. This would further attenuate Loyal Source's claim that *its* Motion is supported by these independent contractors' convenience. To similar effect will be the inevitable reduction of the number of these potential witnesses: the eight, remember, are "all Loyal Source's known witnesses" (emphasis added); further discovery is likely to establish that some if not most will not be trial witnesses.

The unclear status of the "Loyal Source eight" underscores not only the prematurity of the Motion but also Loyal Source's reliance on procedural scaremongering in place of clearly

---

[5] Exhibit C lists 11 names. Three are dead-ends: "Justina Eheue (not found in database)"; "Azda (Last Name Ineligible *[sic]* – not found in database)"; "Jennifer T (Last Name ineligible *[sic]*)." As for the remaining eight, the "Date of Original W2 hire" for each of them is given as May 10, 2020, while each of them is also assigned a "1099 Contract" that would have been in effect during the time at issue here. What's more, seven of the eight have entries in the column headed "Name of 1099," with two of the seven being limited liability corporations ("Maria Cubangbang/MDC HealthCare services *[sic]* LLC"; "Ambur Ledbetter/ARL Healthcare Services, LLCled *[sic]*"). Driscoll Declaration, Exhibit C.

specifying who its witnesses are and what they are likely to testify about. "[T]here still may be more witnesses if third parties are brought in," Loyal Source warns, referring to possible co-defendant hospitals; "there may still be more Texas-based witnesses." Loyal Source Memorandum at 6. But these conjured multitudes may also prove illusory once Loyal Source's breathless assertions are tested via depositions and additional post-deposition discovery.

In sum, Loyal Source has completely failed to make a "clear-cut" and specific showing that transfer of venue to the Southern District of Texas at this time is justified by the convenience of trial witnesses.

*2) Availability of process; locus of operative facts; relevant documents; governing law.*

At this stage of the litigation, Loyal Source has not clearly shown that the convenience of potential witnesses favors transfer. *See supra*. And the same can be said about Loyal Source's showing with respect to other factors the Court may consider on the Motion.

For instance, in terms of the availability of trial process, Loyal Source contemplates a parade of procedural horribles: unwilling witnesses, a court powerless to compel attendance and testimony. Loyal Source Memorandum at 9.

But this is just more groundless scaremongering: Loyal Source fails to explain either why its potential witnesses – number unspecified – are reasonably likely to be unwilling to attend trial and testify, or why this Court's ordinary methods of compelling the attendance and testimony of genuinely recalcitrant material witnesses are likely to be toothless in the present case.

Where the events at issue happened and where relevant documents are "located" have not been shown by Loyal Source to clearly favor granting the Motion. For instance, Loyal Source's suggestion that transfer is justified because a jury might "need[]" to take field trips to "pertinent facilities" is risible. Loyal Source Memorandum at 8. Likewise, in 2022 documents exist, and in

2019 they existed, in the digital "cloud" and thus are not now "located" more in Texas than in New York.

Finally, this Court is as competent to apply, when and as necessary, Texas tort law to facts of this case as would be any other Federal District Court.

*3) Plaintiffs' choice of forum; convenience of the parties; relative means of the parties; judicial economy; interests of justice.*

As for the final set of factors, Loyal Source has not clearly shown that they favor transfer at this time either.

For instance, on the issue of the weight to be accorded Plaintiffs' choice of forum, Loyal Source grumbles that "Plaintiffs are now asking everyone else to be inconvenienced so that a single person can testify and attend trial close to their new home." Loyal Source Memorandum at 10. It would be hard to imagine a more petulant mischaracterization than that of how this case came to be in this Court.[6] To be clear: the case is in the Southern District of New York because Plaintiffs are statutorily permitted to bring suit here. And until such time as Loyal Source or any other party has met the burden of clearly and specifically demonstrating that a change of venue, at this stage of proceedings, is in the best interest of the litigation, the case should remain here.

## CONCLUSION

For the foregoing reasons, Plaintiffs S.A.G.R., an Infant by her Parent and Natural Guardian Arlyn Roque, and Arlyn Roque, Individually, respectfully request that this Honorable Court deny Defendant Loyal Source Government Services, LLC's Pre-Answer Motion to Transfer Venue.

---

[6] As for the implicit suggestion that Plaintiffs strategically abandoned settled Texas ties in favor of "their new home," *see* page 4 *supra*.

Dated: September 22, 2022
White Plains, New York

Respectfully submitted,
MEAGHER & MEAGHER, P.C.
*Attorneys for Plaintiffs*

By: ______________________________

Keith J. Clarke (KC1515)
111 Church Street
White Plains, New York 10601
(914) 328-8844
lawoffice@meagherandmeagherpc.com