IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARLYN ROQUE, et al., | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:22-4355 |
| v. | § | |
| | § | Hon. George C. Hanks, Jr. |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |

**JOINT STATUS REPORT**

Pursuant to the Court's February 13, 2026, Order (ECF No. 112 ), counsel for all parties jointly submit the following Status Report and advise the Court that discovery is not complete.

This action concerns allegations of negligence on the part of Defendants causing personal injuries to Plaintiffs. Plaintiffs initially brought this action against only the United States of America (the "Government") with venue in the Southern District of New York where initial disclosures proceeded pursuant to Fed. R. Civ. P. 26(a). Through that initial discovery, it was learned that Defendant, Loyal Source Government Services, LLC ("Loyal Source"), an independent contractor for the Government, was a necessary party, and leave was granted for Plaintiffs to file an Amended Complaint adding Loyal Source as a defendant to this action (ECF No. 61). Loyal Source subsequently filed a motion to transfer venue to the Southern District of Texas, and such motion was granted (ECF No. 103).

The parties have engaged in settlement negotiations, but the parties have been unable to reach a settlement agreement.

**A. Plaintiffs' Position**

Despite substantial discovery proceedings having occurred while the Southern District of New York was the venue of this action, there remain significant issues for litigation. In particular, Plaintiffs believe it is necessary to conduct additional discovery, including depositions, to determine, *inter alia*, the extent of the contractual relationship between the Government and Loyal Source through which Loyal Source provided medical treatment to Plaintiffs, the extent that actions by employees of Loyal Source caused harm to Plaintiffs, and the involvement of employees of the Government in that treatment or monitoring of Plaintiffs while Plaintiffs were in the custody of the Government.

**B. Defendants' Position**

**I. The United States' Position.**

The United States agrees that discovery will be necessary in this case, and that the parties will need a schedule for discovery and dispositive motion briefing. The United States contends that this case should be resolved on dispositive motion.

**II. Loyal Source's Position.**

Undersigned counsel for Loyal Source has been involved in this matter for less than twenty-four hours, having substituted as counsel on February 26, 2025 (ECF No. 113), and Loyal Source joins the United States and Plaintiffs in respectfully submitting that additional time for discovery is necessary. Loyal Source must depose Plaintiffs to ascertain the details of their alleged medical treatment, evaluate prior medical history, and assess the nature and extent of the damages claimed in order to fully understand the precise factual and medical circumstances underlying Plaintiffs' allegations. Moreover, given the nature of the claims asserted, substantial expert involvement will likely be required, and meaningful expert analysis cannot be completed until fact

depositions are underway, as expert opinions will necessarily depend upon the testimony elicited during those depositions, after which expert witnesses will themselves need to be deposed. Additional time will also be necessary to prepare dispositive briefing based upon the discovery conducted.

**C. Proposed Discovery Schedule**

Given the above, the parties herein respectfully propose the following schedule to complete the remaining necessary discovery:

- Deadline for the completion of depositions of parties: November 24, 2026
    - Plaintiffs intend to depose an as-yet unknown number of the eight (8) Loyal Source witnesses in addition to an as-yet unknown number of the fifty-six (56) witnesses disclosed by the Government who interacted with the Plaintiffs based on activity logs;
- Deadline for Plaintiffs' expert disclosure: January 29, 2027;
- Deadline for Defendants' expert disclosure: March 26, 2027;
- Deadline for all discovery, including expert depositions: June 26, 2027; and
- Deadline for dispositive motions, anticipated by all parties: August 27, 2027.

Plaintiffs anticipate a trial at the conclusion of litigation, and Plaintiffs specifically will be requesting a jury trial as against Loyal Source.

The United States anticipates that this case will be resolved on motion practice. If a trial, however, is necessary, the United States asserts that they are entitled to a bench trial.

Loyal Source echoes the United States' position that this matter is likely to be resolved through dispositive motion practice. However, should trial become necessary, Loyal Source agrees that the case may proceed before a jury.

Dated: February 27, 2026

Respectfully submitted,

MEAGHER & MEAGHER, P.C.

By: */s/ Daniel C. Meagher*
Daniel C. Meagher, Esq.
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
Tel: 914-328-8844
lawoffice@meagherandmeagherpc.com

MEHAFFY WEBER P.C.

/s/ *Barbara J. Barron*
Barbara J. Barron, Esq.
Attorneys for Loyal Source Government Services, LLC
State Bar No. 01817250
Mehaffy Weber, P.C.
PO Box 16
Beaumont, Texas 77704
Telephone: (409) 835-5011
Fax: (409) 835-5177
barbarabarron@mehaffyweber.com

UNITED STATES OF AMERICA

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney
Texas Bar No. 24093366
Federal ID No. 2554283
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9000
Facsimile: (713) 718-3303

Email: ariel.wiley@usdoj.gov

ATTORNEY FOR UNITED STATES OF AMERICA